UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| DONNA DIMIZIO, | ) | |
|---|---|---|
| *Plaintiff,* | ) | |
| | ) | Case No. 2:16-cv-6 |
| v. | ) | |
| | ) | Judge Mattice |
| NANCY A. BERRYHILL, | ) | Magistrate Judge Corker |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| *Defendant.* | ) | |

# **ORDER**

On December 16, 2016, United States Magistrate Judge Clifton L. Corker filed a Report and Recommendation (Doc. 34) pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Magistrate Judge Corker recommended that: (1) Plaintiff's Motion for Summary Judgment (Doc. 31) be granted; (2) Defendant's Motion for Summary Judgment (Doc. 32) be denied; and (3) that this case be remanded for further proceedings. (Doc. 34 at 17).

The basis for Magistrate Judge Corker's recommendation for remand is that the ALJ failed to "give good reasons" for not affording controlling weight to Plaintiff's treating source opinion. (*Id.* at 16). Defendant filed timely objections to the Magistrate Judge's Report and Recommendation. (Doc. 35). Specifically, Defendant argues that: (1) the Magistrate Judge erred in finding that the ALJ did not satisfy the procedural safeguards of the treating physician rule; (2) substantial evidence supports the ALJ's decision to give no evidentiary weight to the opinion of Plaintiff's treating physician; and (3) substantial evidence supports the ALJ's conclusion that Plaintiff's mental impairment was not severe. The Court, having conducted a *de novo* review of those portions of the record implicated

by Defendant's objections to the Report and Recommendation, agrees with Magistrate Judge Corker's well-reasoned conclusions for the reasons stated herein. 28 U.S.C. § 636(b)(3).

## I.  TREATING PHYSICIAN RULE

"[T]he Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]'" *Snell v. Comm'r of Soc. Sec.*, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). A treating physician's opinion must be afforded "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 Fed. Appx. 377, 384 (6th Cir. 2013). Courts bestow this degree of deference to treating physician opinions because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.152(c)(2).

When an ALJ does not give a treating source opinion controlling weight, he is still required to "determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c). The United States Court of Appeals for the Sixth Circuit has stressed the importance of disability decision makers clearly articulating the weight they afford treating source opinions and their corresponding explanation:

> Importantly, the Commissioner imposes on its decision makers a clear duty to "always give good reasons in our notice of determination or decision for the weight we give [a] treating source's opinion." 20 C.F.R. § 404.1527(d)(2). Those good reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96-2p, 1996 SSR LEXIS 9, at *12 (Soc. Sec. Admin. July 2, 1996). This requirement is not simply a formality; it is to safeguard the claimant's procedural rights. It is intended "to let claimants understand the disposition of their cases, particularly in situations where a clamant knows that his physician has deemed him disabled and therefore might be especially bewildered when told by an administrative bureaucracy that he is not." *Wilson*, 378 F.3d at 544.

*Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011). Thus, relevant authority requires the ALJ to both clearly articulate his reasons for not assigning a treating physician opinion controlling weight and that these reasons be "good." 20 C.F.R. § 404.1527(d)(2). Moreover, where an ALJ fails to adequately explain the weight given to a treating source opinion, it is not enough that substantial evidence otherwise supports his decision. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004) ("Although substantial evidence otherwise supports the decision of the Commissioner in this case, reversal is required because the agency failed to follow its own procedural regulation, and the regulation was intended to protect applicants like [the plaintiff].").

## II. MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

The Court will only outline those portions of the Report and Recommendation that are relevant to Defendant's objections. As outlined above, Magistrate Judge Corker found that the ALJ erred in failing to adequately explain why he assigned no evidentiary weight to the treating source opinion issued by Dr. Harold Elliott. (Doc. 34 at 16). Dr. Elliott was Plaintiff's treating psychiatrist for the duration of her alleged period of disability. He also provided treatment to Plaintiff before her alleged onset date of May 29, 2013. In January

2013, Dr. Elliott issued a treating source opinion regarding the severity of Plaintiff's limitations. (Doc. 22-8). This opinion was included in the medical records considered by the ALJ. The ALJ disregarded Dr. Elliott's opinion in his decision denying benefits, however, writing only that the opinion "was prepared prior to the amended alleged onset date" and concluding that it was "not assigned evidentiary weight." (Doc. 22-2 at 20).

In his Report and Recommendation, Magistrate Judge Corker addressed Defendant's contention that Plaintiff failed to dispute the ALJ's evaluation of any of her physicians' opinions. Notwithstanding the brevity of Plaintiff's arguments in this regard, the Magistrate Judge found Plaintiff's submissions to be adequate as to Dr. Elliott's opinion. Specifically, he reasoned, "Dr. Elliott is set out in plaintiff's table of medical sources, and it states that it was accorded no evidentiary weight. This is an assertion of error in the making of that finding, even if somewhat unartfully raised." *Id.*

Magistrate Judge Corker then outlined relevant authority for the treating physician rule, and found that the rule applied to Dr. Elliott's opinion. He found that "the ALJ's reason for giving the opinion no evidentiary weight, because it was rendered before the claim was filed, is an insufficient reason under the applicable regulations and the cases cited above." *Id.* Magistrate Judge Corker noted that Dr. Elliott's opinion was "rendered less than four months before the application for benefits was filed." *Id.* Finally, the Magistrate Judge reasoned that although "there was other evidence mentioned by the ALJ to support his finding that the plaintiff did not have a severe impairment . . . . that does not cure the failure to give good reasons for the weight given to Dr. Elliott." *Id.*

As to Plaintiff's assertion that the ALJ erred in finding that she did not have a severe impairment, the Magistrate Judge found that he could not determine that issue at

the current juncture. Rather, he found that its disposition "would have to wait until the ALJ explains the lack of weight given to Dr. Elliott." (Doc. 34 at 17).

## III. DEFENDANT'S OBJECTIONS

Defendant first argues that Plaintiff did not sufficiently raise her argument regarding Dr. Elliott's opinion in her Motion for Summary Judgment to warrant subsequent review. (Doc. 35 at 3). Defendant further argues that Plaintiff raised specific arguments in regard to other physicians, but not as to Dr. Elliott. (*Id.* at 4). Although the Court concedes that Plaintiff devoted only brief consideration to the issue, it disagrees with Defendant's conclusion. Magistrate Judge Corker noted that Plaintiff cited Dr. Elliott's opinion, stated that the ALJ assigned the opinion no evidentiary weight, and contended that the ALJ failed to follow the treating physician rule. (Docs. 31 at 4-5; 34 at 16). These efforts will suffice. That Plaintiff may have directed more specific attacks at other issues does not render her arguments regarding Dr. Elliott void. Accordingly, the Court finds that this objection is without merit and it will be **OVERRULED**.

Next, Defendant asserts that the ALJ complied with the procedural safeguards of the treating physician rule in that his reason for assigning no weight to Dr. Elliott's opinion was sufficiently specific. (Doc. 35 at 4). In the same vein, Defendant argues that the ALJ's reason for discounting Dr. Elliott's opinion establishes a "good reason" and finds support in the record. (*Id.* at 4; 5-6).

The only reason given by the ALJ for assigning no weight to Dr. Elliott's opinion was that it predated the onset of Plaintiff's disability by four months. (Doc. 22-2 at 20). As set forth above, an ALJ must set forth specific justifications for his disregard of a treating source opinion, and those justifications must constitute "good reasons." 20 C.F.R. § 404.1527(d)(2). In his Report and Recommendation, Magistrate Judge Corker

found flaws in the sufficiency of the ALJ's explanation rather than its specificity: "The Court is of the opinion that the ALJ's reason for giving the opinion no evidentiary weight, because it was rendered before the claim was filed, is an insufficient reason under the applicable regulations and cases cited above." (Doc. 34 at 16).

The Sixth Circuit has expressly held that it does "not endorse the position that all evidence or medical records predating the alleged date of the onset of disability . . . are necessarily irrelevant or automatically barred from consideration[.]" *Deboard v. Comm'r of Soc. Sec.*, 211 Fed. Appx. 411, 414 (6th Cir. 2006). Rather, the Sixth Circuit "recognize[s] that evidence . . . predating the onset of disability, when evaluated *in combination with later evidence*, may help establish disability." *Id.* (emphasis in original). Other circuit court of appeals, including the Tenth Circuit, share this approach. *See Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) (holding that the ALJ is required to consider all evidence—including evidence predating an alleged onset date—and must specifically "discuss the significantly probative evidence he rejects") (internal quotations omitted).

In addition, relevant social security regulations provide that "[w]e will consider all evidence in your case record when we make a determination or decision whether you are disabled[.]" 20 C.F.R. § 404.1520. Regulations further provide that "[r]egardless of its source, we will evaluate every medical opinion we receive." 20 C.F.R. § 404.1527(c). Several trial courts have expressly found an ALJ's disregard of a treating source opinion to be improper when based on the reasoning that the opinion predated the claimant's onset date. *See, e.g.*, *O'Malley v. Comm'r of Soc. Sec.*, 210 F. Supp. 3d 909, 915 (S.D. Ohio 2016); *Daniel v. Colvin*, 2015 WL 5530210, at *4 (S.D. Ohio Sept. 21, 2015). In those cases, the court found the predating opinions especially relevant because they tended to support a finding of disability. *Id.* Likewise, the Sixth Circuit has held that the ALJ's failure to

6

discuss a highly relevant treating medical source opinion "in any substantive way violates the requirement that administrative agencies . . . explain their reasoning" and constitutes sufficient grounds for remand. *Keeton v. Comm'r of Soc. Sec.*, 583 Fed. Appx. 515, 529-29 (6th Cir. 2014).

In this case, Dr. Elliott's opinion described Plaintiff's ability to deal with the public, cope with stress, and relate predictably in social situations as "poor." He opined that Plaintiff suffered from "severe PTSD" and that she was "unable to react to stress or confrontations without marked distress or impairment." He stated that Plaintiff had "poor sleep, hypervigilance, autonomic arousal, and irritability." Finally, in regard to any work-related activities affected by an impairment, Dr. Elliott explained that Plaintiff experienced "difficulty relating to co-workers and difficulty in reliability." He also explained that her "stress reactivity causes irritability [and] hypervigilance leading to overreactions [and] . . . poor sleep." (Doc. 22-8 at 195-197).

Dr. Elliott issued his opinion a mere four months before Plaintiff's alleged disability onset date, and continued treating Plaintiff after her onset date. Curiously, the ALJ considered Dr. Elliott's treatment notes for Plaintiff from as far back as 2012, despite his later assertion that Dr. Elliott's 2013 opinion was irrelevant. (Doc. 22-2 at 17). Thus, the ALJ's failure to discuss the treating source opinion with any degree of depth is considerably troubling. Moreover, Dr. Elliott's opinion suggests substantial mental and behavioral limitations, especially in areas of social functioning, and there is other evidentiary support for these conclusions in the record. The ALJ noted that Plaintiff avoided social activities and that Dr. Sims (whose treating source opinion he assigned "great evidentiary weight") reported that Plaintiff was depressed, anxious, and had restricted affect. (Doc. 22-2 at 19). Nonetheless, based on Plaintiff's cooperative nature at

her other medical appointments and adequate communication skills, the ALJ found only mild limitation in social functioning. Because Dr. Elliott's opinion appears directly relevant to this particular analysis, the ALJ's omission in examining Dr. Elliott's opinion or providing adequate justification for that omission cannot be construed as harmless error.

Defendant cites *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 651 (6th Cir. 2009) for the proposition that a treating source opinion issued outside the relevant time period comprises a "good reason" for the ALJ rejecting that opinion. The Sixth Circuit's holding in *Allen*, however, is more attenuated than what Defendant represents. In *Allen*, the ALJ rejected a treating source opinion that stated a claimant's symptoms were unchanged since 2003. The ALJ explained that the reason he disregarded this opinion was that the physician had only begun treating the claimant in 2005, and there was no basis in the record to support a conclusion that the physician had any knowledge of the claimant's symptoms in 2003. 561 F.3d at 651. The facts of *Allen* are readily distinguishable from this case, including but not limited to the fact that the ALJ provided a detailed explanation for why the treating source opinion carried little evidentiary weight. Here, the ALJ merely stated that the opinion carried no weight because it predated Plaintiff's onset date. For the reasons outlined above, such a conclusory justification is inadequate.

In sum, Plaintiff was entitled to receive "good reasons" why Dr. Elliott's opinion describing the nature and severity of her impairments was not afforded controlling weight—or any evidentiary weight at all. *See* 20 C.F.R. § 404. 1527(c)(2). Additionally, it is not clear that the outcome of Plaintiff's disability determination would have been the same had Dr. Elliott's opinion been considered. For these reasons, Defendant's objections in this regard will be **OVERRULED**.

Next, Defendant's suggests that the ALJ's assignment of any evidentiary weight to Dr. Elliott's opinion would have been improper in light of Plaintiff's previous disability claim and subsequent denial on February 21, 2013. (Doc. 35 at 6). As outlined above, Dr. Elliott's opinion issued on January 24, 2013. According to Defendant, if the ALJ assigned evidentiary weight to the opinion and "reconsidered Plaintiff's prior claim on the merits," such an act could be characterized as a "constructive reopening" of the previous denial. (*Id.*).

"[W]here a claim has been reconsidered on the merits, it is properly treated as having been reopened as a matter of administrative discretion." *Walker v. Barnhart*, 258 F.Supp.2d 693, 699 (E.D. Mich. 2003) (citing *King v. Chater*, 90 F.3d 323, 325 (8th Cir. 1996)). Such reconsideration by an ALJ is referred to as a "*de facto* or constructive reopening," which is permissible only in specific circumstances. *Id.*; *see also* 20 C.F.R. § 404.988(a)&(b) (stating that a claim may be reopened for any reason up to one year after a decision or may be reopened for good cause for up to four years.). "The mere consideration of evidence from an earlier application," however, "is not considered a reopening of an earlier claim." *Walker*, 258 F. Supp. 2d at 699 (citing *King*, 90 F.3d at 235). The key factor when considering whether an ALJ has constructively reopened a previous claim is whether the ALJ was "seeking to determine whether [p]laintiff was actually disabled during the relevant time period for that claim." *Id.*

The Court finds that this objection is without merit, as the "mere consideration" of Dr. Elliott's opinion—which issued during the pendency of Plaintiff's prior disability claim—would not have automatically rendered the prior case constructively reopened. *Id.* As outlined above, treating source opinions predating a claimant's onset of disability may nonetheless serve as relevant evidence when evaluated in combination with later

9

evidence. *DeBoard*, 211 Fed. Appx. 411, 414 (6th Cir. 2006). In any event, Defendant's suggestion that the ALJ would have improperly utilized Dr. Elliott's opinion to determine whether Plaintiff was disabled during the time period for her previous claim is purely speculative, and does not compel a conclusion that the ALJ rightfully disregarded Dr. Elliott's opinion as a treating physician. Thus, the objection will be **OVERRULED**.

Finally, Defendant argues that substantial evidence supports the ALJ's determination that Plaintiff did not have a severe mental impairment. (Doc. 35 at 6). As correctly noted by Magistrate Judge Corker in his Report and Recommendation, however, "the determination of [this] issue will have to wait until the ALJ explains the lack of weight given to Dr. Elliott." (Doc. 34 at 17). The Court finds no cause to disturb this finding here, especially considering the contents of Dr. Elliott's opinion. For this reason and those set forth in Magistrate Judge Corker's Report and Recommendation, this objection will be **OVERRULED**.

IV. **CONCLUSION**

Accordingly, for the reasons set forth above,

1. The Court **ACCEPTS** and **ADOPTS** Magistrate Judge Corker's findings of fact, conclusions of law, and recommendations (Doc. 34) pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b);

2. Defendant's objections (Doc. 35) are **OVERRULED**;

3. Plaintiff's Motion for Summary Judgment (Doc. 31) is **GRANTED**;

4. Defendant's Motion for Summary Judgment (Doc. 32) is **DENIED**; and

5. This case is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

**SO ORDERED** this 13th day of September, 2017.

                                                 */s/ Harry S. Mattice, Jr.*
                                                 HARRY S. MATTICE, JR.
                                               UNITED STATES DISTRICT JUDGE